Electronically Filed - Scott - December 22, 2025 - 04:03 PM

**STATE OF MISSOURI )**
**) SS.**
**COUNTY OF SCOTT )**

**IN THE CIRCUIT COURT OF THE COUNTY OF SCOTT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **JON BAKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 25SO-CC0_____** |
| | ) | |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | ) | **CIVIL DIVISION** |
| | ) | |
| **Serve at: CSC-Lawyers Incorporating Service Company** | ) | |
| **221 Bolivar Street** | ) | |
| **Jefferson City, Missouri 65101** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PETITION FOR DAMAGES

**COMES NOW**, Plaintiff Jon Baker, by and through his counsel, Sarah K. Holt, of the Edmundson & Holt, LLC law firm, and for his Petition for Breach of Contract, Vexatious Refusal to Pay, Fraud and Punitive Damages, respectfully avers and alleges the following:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is and was at all relevant times herein a resident of Scott County, Missouri, and the owner of the insured dwelling located at 601 Glenn Drive, situated in Sikeston, Missouri, which was severely damaged by a tornado on or about May 26, 2024.

2. Defendant State Farm Fire and Casualty Company ("State Farm") is an insurance company authorized to do business in Missouri and transacts substantial business in this county.

Electronically Filed - Scott - December 22, 2025 - 04:03 PM

3. Venue and jurisdiction are proper under Missouri law because the insured property is located in this county and the events giving rise to this Petition occurred within the boundaries of Scott County, Missouri.

**FACTS**

4. Plaintiff maintained a valid State Farm homeowner's insurance policy, No. 25NW81729 ("the Policy"), providing dwelling coverage and Additional Living Expenses ("ALE").

5. On May 26, 2024, a tornado rendered Plaintiff's residence uninhabitable.

6. Plaintiff promptly reported the loss and fully cooperated with State Farm's adjustment process. This was assigned a Claim Number of 2568F304V.

7. State Farm accepted coverage but thereafter engaged in a pattern of misconduct, including:

a. Issuing multiple inconsistent versions of structural loss determinations, some of which were backdated to appear contemporaneous.

b. Failing to make full and timely payments; the Loss Summary reveals missing and reversed payments that do not appear in Plaintiff's portal.

c. Removing and concealing documents from Plaintiff's online portal, including critical claim correspondence.

d. Abruptly terminating hotel accommodations at Drury Hotels and transferring Plaintiff without notice to a Motel 6, in violation of ALE obligations.

e. Providing contradictory explanations in correspondence and failing to give a clear accounting of coverage decisions.

8. As a result, Plaintiff has been without a habitable home for months, has suffered financial hardship, emotional distress, and loss of use of property.

Electronically Filed - Scott - December 22, 2025 - 04:03 PM

**COUNT I**
**BREACH OF CONTRACT**

9. Plaintiff incorporates the forgoing paragraphs 1 through and including 8 by reference as if fully restated herein.

10. The Policy obligated State Farm to provide dwelling coverage and ALE benefits for the tornado loss.

11. State Farm breached its contractual obligations by failing to timely and fully pay benefits, by altering or withholding records, and by mishandling ALE.

12. Plaintiff has been damaged in an amount to be proven at trial.

**COUNT II**
**VEXATIOUS REFUSAL TO PAY ( § 375.420, R.S.Mo.)**

13. Plaintiff incorporates the forgoing paragraphs 1 through and including 12 by reference as if fully restated herein.

14. State Farm's refusal and delay in paying benefits was willful and without reasonable cause.

15. Plaintiff is entitled to recovery of damages, attorney's fees, and statutory penalties under § 375.420.

**COUNT III**
**FRAUDULENT MISREPRESENTATION**

16. Plaintiff incorporates the forgoing paragraphs 1 through and including 15 by reference as if fully restated herein.

17. State Farm knowingly created, backdated, and concealed claim documents with the intent to mislead Plaintiff regarding coverage and payments.

Electronically Filed - Scott - December 22, 2025 - 04:03 PM

18. Plaintiff reasonably relied on State Farm's representations and omissions to his detriment.

19. Plaintiff is entitled to actual and punitive damages for fraud.

**COUNT IV**
**PUNITIVE DAMAGES**

20. Plaintiff incorporates the forgoing paragraphs 1 through and including 19 by reference as if fully restated herein.

21. State Farm's conduct was willful, wanton, malicious, and in reckless disregard of Plaintiff's rights, justifying an award of punitive damages to deter similar conduct.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendant State Farm for:

a. Compensatory damages in an amount to be proven at trial, expected to exceed $25,000.00;

b. Statutory damages, attorney's fees, and penalties under § 375.420;

c. Punitive damages;

d. Pre- and post-judgment interest;

e. Costs of suit; and

f. Such other relief as the Court deems just and proper in the premises.

Respectfully submitted,

EDMUNDSON & HOLT, LLC
Attorneys and Counselors at Law

By: */s/Sarah K. Holt*
Sarah K. Holt - #67769
201 North Main, Suite A

Electronically Filed - Scott - December 22, 2025 - 04:03 PM

Poplar Bluff, Missouri 63901
Phone # 573/785-0127
Fax # 573/785-0227
sarah@edmundsonlawfirm.com
ATTORNEYS FOR THE PLAINTIFF.